930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Paul F. RATHER and Randy S. Kailey, Plaintiffs-Appellants,
v.
Roy S. ROMER, Governor, Duane L. Woodard, Attorney General,
Frank Gunter, John Enright, Rodney Cozzetto,
Carlos Baca, Velma M. Garner, David
Sanchez, and Robert N.
Shoemaker,
Defendants-
Appellees.
 No. 90-1260.
 United States Court of Appeals, Tenth Circuit.
 April 8, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHAN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Paul F. Rather and Randy S. Kailey, inmates at Arkansas Valley Correctional Facility, filed a pro se action pursuant to 42 U.S.C. Sec. 1983 on behalf of themselves and others similarly situated against members of the Colorado State Board of Parole and various other state officials. The central allegation of the complaint relates to an opinion issued by the Colorado Attorney General which concludes that sex offenders can be excepted from the general parole practices under Colorado state law. The plaintiffs, who have been convicted of sex offenses, contend that such an exception violates their constitutionally protected liberty interest in a mandatory parole date under Colorado law.
 
 
 3
 Defendants filed a motion to dismiss. The United States Magistrate Judge to whom the case was referred recommended that the motion be granted on the grounds that plaintiffs lacked standing since neither was eligible for parole under any interpretation of Colorado law, that their claims for Sec. 1983 damages were factually unsupported, and that all defendants were immune from damages. Rather and Kailey filed objections to the Magistrate's recommendation, asserting that their complaint did not seek damages. They also filed a motion for leave to amend their complaint, adding a new plaintiff, one Tom Luther, to cure the standing defect identified by the magistrate on the grounds that Luther, who is also a convicted sex offender, was being held beyond the parole date allegedly applicable to those convicted of other crimes. The district court denied the motion for leave to file the amended complaint and granted the motion to dismiss. We affirm.
 
 
 4
 This action is defective for a variety of reasons. The district court correctly concluded that neither Rather nor Kailey have standing since neither was eligible for parole under any interpretation of Colorado law at the time they filed the complaint. Thus, there is no cognizable injury upon which a complaint could be based.
 
 
 5
 Perhaps more to the point, at its core, the action asserted here is in reality one for habeas corpus relief. Thus, even if the district court abused its discretion (and we do not believe that it did) in denying leave to amend the complaint to add Tom Luther as a plaintiff, the complaint, which seeks relief under Sec. 1983, would still be defective. The essence of Luther's complaint would be that he is illegally confined. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Layton v. Willingham, 726 F.2d 631, 635 (10th Cir.1984); Henderson v. Secretary of Corrections, 518 F.2d 694, 695 (10th Cir.1975); Gregory v. Wyse, 512 F.2d 378, 381 (10th Cir.1975). Because "Congress has determined that habeas corpus is the appropriate remedy ... that specific determination must override the general terms of Sec. 1983." Preiser v. Rodriguez, 411 U.S. at 490.
 
 
 6
 A habeas corpus petitioner must exhaust available state remedies prior to seeking relief in the federal courts. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 518-19 (1982). The exhaustion requirement serves as a way for the federal courts to accommodate the states and give their courts an initial opportunity to correct violations of prisoners' federal rights, thus enhancing the integrity of both court systems. Id. at 518. Neither Luther nor the named plaintiffs have satisfied the exhaustion requirement. "It would wholly frustrate explicit congressional intent to hold that ... [plaintiffs] ... could evade this [exhaustion] requirement by the simple expedient of putting a different label on their pleadings." Preiser v. Rodriguez, 411 U.S. at 489-90.
 
 
 7
 Finally, even were we to reach the merits of the complaint in this case, the cause of action would fail. Although plaintiffs have alleged a variety of constitutional violations, only their argument for a constitutionally protected liberty interest in a mandatory parole date goes beyond bare and insufficient assertion. The Supreme Court has concluded that where the grant or denial of parole is a purely discretionary matter within the plain meaning of the statutes, no right to a mandatory parole date exists. And, where there is no right to a mandatory parole date, a protected liberty interest cannot be found. Jago v. VanCuren, 454 U.S. 14, 20-21 (1981) (per curiam). Cf. Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).
 
 
 8
 A decision on the merits would turn, then, on whether the statutes in question do indeed guarantee a mandatory parole date, as plaintiffs allege. The Colorado Supreme Court has recently construed the precise statutory language comprising the basis of plaintiffs' complaint. The court concluded that "under the plain language of these sections, ... the Parole Board has discretion to deny or to grant parole to all persons sentenced for a sex offense as defined by section 16-13-202(5), even though they were not sentenced pursuant to the Sex Offenders Act." Thiret v. Kautzky, 792 P.2d 801, 807 (Colo.1990).
 
 
 9
 The Colorado court's reading of the statutes is unambiguous, leading to a plain conclusion. Absent any statutory guarantee of a mandatory parole date, we would not infer a constitutionally protected liberty interest. Plaintiffs' cause of action under 42 U.S.C. Sec. 1983 has no other grounds on which to stand and must fail. In referring to Thiret we do not mean to imply that exhaustion of remedies in state court is a futile exercise. Thiret did not address federal or state constitutional challenges. Cf. Foote v. Utah Board of Pardons, No. 900132, slip. op. at 1 (Utah Mar. 14, 1991) (reaching the state constitutional issue).
 
 
 10
 For the reasons stated above, the complaint was properly dismissed for failure to state a claim for which relief could be granted. The decision of the district court is accordingly AFFIRMED. Appellants' motion for sanctions is denied. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3