936 F.2d 582
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Manuel MARTINEZ, Manager of Safety, D. Hidlebrant, 69-95
D.P.D., Calvin Hemphill, 75-63 D.P.D., Sandra Young, D.
Ponterelli, 71-76 D.P.D., J. Rock, 73-13 D.P.D., Federico
Pena, Mayor, Defendants-Appellees.
 No. 90-1335.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before McKAY, SEYMOUR and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff, an inmate at the Fremont Correctional Facility in Colorado, appeals the district court's dismissal of his pro se complaint brought pursuant to 42 U.S.C. Sec. 1983 (1988).
 
 
 3
 Plaintiff alleges that he was deprived of his civil rights during his arrest and trial. In the complaint, plaintiff states that Sandra Young, a private citizen, and D. Hidlebrant, a Denver police officer, committed perjury at his trial. He also alleged that Calvin Hemphill, a detective with the Denver Police Department, coerced Ms. Young to commit perjury and that Mr. Hemphill conspired with Detective Ponterelli and Officer Rock of the Denver Police Department to murder him during his arrest. Finally, plaintiff stated that Federico Pena, Mayor of Denver, and Manuel Martinez, Manager of Safety for the City and County of Denver, are liable for their failure to correct the actions of the officers and detectives.
 
 
 4
 To state a claim under 42 U.S.C. Sec. 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Dismissal is appropriate if plaintiff can prove no set of facts that would entitle him to relief. Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir.1988). The allegations are to be construed in the light most favorable to plaintiff. Id. Pro se complaints are interpreted liberally. Collins v. Cundy, 603 F.2d 825, 827 (10th Cir.1979).
 
 
 5
 In his complaint, plaintiff stated that Sandra Young committed perjury at his trial after the police and the prosecution threatened to "turn her in" to Nebraska authorities where she was allegedly wanted for armed robbery. Complaint, Depineda v. Martinez, 90-F-1578 at 2 (Aug. 30, 1990). He also contended that Officer Hidlebrant knowingly committed perjury at his preliminary hearing. Id. at 2b. Under 42 U.S.C. Sec. 1983, however, plaintiff may not assert a claim for damages against a police officer for giving perjured testimony at the defendant's criminal trial. Brisco v. LaHue, 460 U.S. 325 (1983). Nor does section 1983 authorize a damages claim against private witnesses. Id. at 329.
 
 
 6
 Plaintiff alleged that Detectives Ponterelli and Hemphill and Officer Rock conspired to murder him. He stated in his complaint that they came to his home and told his wife they had a warrant and orders to "shoot to kill" because he was considered armed and dangerous. Complaint, Depineda v. Martinez, 90-F-1578 at 3 (Aug. 30, 1990). Plaintiff, however, did not allege specific facts showing agreement and concerted action among them. These conclusory allegations of a conspiracy are insufficient to state a claim under section 1983. Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989); Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir.1983).
 
 
 7
 Plaintiff also stated that Detectives Ponterelli and Hemphill and Officer Rock conducted an illegal search of his home. Plaintiff sued these co-defendants in their capacities as members of the Denver Police Department. Plaintiff, however, did not allege that the individual detectives and officer were acting pursuant to the kind of official policy that is the predicate for municipal liability under section 1983. See Monnell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978).
 
 
 8
 Plaintiff named Mayor Pena and Manuel Martinez as co-defendants based on their positions as supervisors of the officers and detectives. Plaintiff, however, failed to allege that they personally deprived him of federally protected rights. Section 1983 does not impose liability vicariously nor does it create a federal law of repsondeat superior. Id. at 692-94; Pembaur v. City of Cincinnati, 475 U.S. 469, 479 (1986).
 
 
 9
 The district court's order is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3