21 F.3d 1122
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Cynthia THOMPSON, Plaintiff-Appellant,
v.
Joy HADWIGER, Warden, Eddie Warrior Correctional Center;
State of Oklahoma; Lt. Herd; Sgt. Warrior; Mike
Sharp, Defendants-Appellees.
 No. 93-7096.
 United States Court of Appeals, Tenth Circuit.
 April 15, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 This is a pro se civil rights action brought pursuant to 42 U.S.C.1983. The Plaintiff-Appellant, Cynthia Thompson ("Thompson"), is an inmate at Oklahoma's Eddie Warrior Correctional Center ("EWCC"). In her initial complaint, Thompson alleged that the Defendants-Appellees, in their capacity as EWCC officials, discriminated against her because of her race and violated her Eighth Amendment rights by acting with deliberate indifference to her medical needs.[2] The district court converted the Defendants-Appellees' motion to dismiss into one for summary judgment, afforded Thompson the requisite ten days to accumulate evidence demonstrating the existence of a genuine issue of material fact, and then issued its summary judgment order in favor of the Defendants-Appellees. Thompson appeals from the district court's order and raises three new claims. We affirm the court's order and decline to consider the claims that Thompson raises for the first time in this appeal.
 
 
 3
 We review de novo the district court's grant of summary judgment and apply the same legal standard used by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). We must view the record in a light most favorable to Thompson, who opposed summary judgment. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Although we construe Thompson's complaint liberally because she is a pro se litigant, Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Ruark v. Solano, 928 F.2d 947, 949 (10th Cir.1991), the "broad reading of [a pro se plaintiff's] complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 4
 Thompson fails to offer any specific factual support for her race discrimination 1983 claim. To state a claim under 1983, Thompson must allege facts demonstrating, first, "that the defendant has deprived [her] of a right secured by the Constitution and laws' of the United States," and second, "that the defendant deprived [her] of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory.' " Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Thompson, a white female, contends that prison officials accord preferential treatment to black inmates in terms of prison living conditions, the disbursement of hygiene products, and unspecified "other benefits." However, Thompson fails to specify the manner in which the named defendants participated in the alleged constitutional violations, Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993), or acquiesced in or authorized the alleged constitutional violations as supervisors of those who actually committed the constitutional wrongdoing. Rizzo v. Goode, 423 U.S. 362, 371 (1976). We therefore affirm the district court's order in favor of the Defendants-Appellees on Thompson's race discrimination claim.
 
 
 5
 Nor has Thompson offered any factual support for her Eighth Amendment claim arising from EWCC employees' alleged disregard for her medical conditions. The Supreme Court instructs that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (citation omitted). Thompson alleges that prison officials require her to perform duties that exacerbate her existing medical conditions. She fails, however, to offer any factual evidence, such as medical records, to demonstrate the danger and discomfort arising from her existing duties at EWCC. Nor does she provide anything more than vague allegations that the "environment" in which she is situated is contrary to the recommendations of "medical specialists." Accordingly, we affirm the district court's ruling in favor of the Defendants-Appellees with respect to Thompson's Eighth Amendment claim.
 
 
 6
 Finally, Thompson's appeal alleges that prison officials censor her mail, deny her adequate and meaningful access to the courts, and have situated her in close proximity to inmates afflicted with tuberculosis and acquired immune deficiency syndrome. Insofar as Thompson raises these issues for the first time in this appeal, we must remain faithful to the well-established rule that we "will generally not address issues that were not considered and ruled upon by the district court." Farmers Ins. Co. v. Hubbard, 869 F.2d 565, 570 (10th Cir.1989). "Exceptions to this rule are rare and generally limited to cases where the jurisdiction of a court to hear a case is questioned, sovereign immunity is raised, or when the appellate court feels it must resolve a question to prevent a miscarriage of justice." Hicks v. Gates Rubber Co., 928 F.2d 966, 970 (10th Cir.1991). Because none of these exceptions applies to Thompson's three new allegations, we decline to consider these new claims.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Thompson names not only the EWCC warden and three EWCC employees as defendants, but the State of Oklahoma as well. However, the Eleventh Amendment bars Thompson's 1983 action against Oklahoma because Oklahoma has not waived its Eleventh Amendment immunity, Nichols v. Department of Corrections, 631 P.2d 746, 750-51 (Okla.1981), and Congress did not abrogate the States' Eleventh Amendment immunity in enacting 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64-66 (1989) (explaining that "a State is not a person within the meaning of 1983" and thus, although 1983 "provides a federal forum to remedy many deprivations of civil liberties, ... it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties")
 In contrast, Thompson's suit against state officials in their individual capacities is not barred by the Eleventh Amendment because when state officials act unconstitutionally, they are stripped of their official status and thus may be held personally liable for their unconstitutional acts. Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Duncan v. Gunter, 15 F.3d 989, 991-92 (10th Cir.1994).