25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Manuel Sesario DEPINEDA, Plaintiff-Appellant,
v.
Calvin HEMPHILL, Den. Police Dept.; Sandra Young;
Perjuror/suborned; David Olivas, Dep. D.A. Denver; J.
Rock, Den. Police Dept.; Norm Early, Jr., Den. Dist. Atty.;
Roy Romer, Governor, Gov. of Colorado; Rodney Gomez, Den.
D.A. Investigator; Lamar Simms, Dep. D.A. Denver; Gary
Martinez, Perjuror/Murderer; Stephen J. Vigil
Perjuror/Accomplice, Defendants-Appellees.
 No. 94-1094.
 United States Court of Appeals, Tenth Circuit.
 June 9, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY and BALDOCK, Circuit Judges.[2]
 
 
 1
 Plaintiff Manuel Sesario Depineda appeals the district court's dismissal of his pro se civil rights complaint, 42 U.S.C.1983. We have jurisdiction under 28 U.S.C. 1291.
 
 
 2
 Plaintiff was convicted in Colorado state court of first degree murder in December 1988. On August 16, 1990, Plaintiff filed a pro se civil rights complaint in district court alleging he was deprived of his constitutional rights during his arrest and trial. The district court dismissed the complaint and we affirmed the district court's dismissal on appeal. See Depineda v. Martinez, No. 90-1335, 1991 WL 104345 (10th Cir. June 13, 1991) (unpublished opinion).
 
 
 3
 On June 14, 1993, Plaintiff filed the instant pro se civil rights complaint, naming several new defendants as well as two defendants which he also named in his 1990 complaint.[3] Plaintiff claims various parties associated with his arrest and criminal prosecution violated his civil rights. The district court, adopting the magistrate's findings and recommendations, dismissed Plaintiff's complaint and this appeal followed.[4]
 
 
 4
 The sufficiency of a complaint is a question of law which we review de novo. Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986). In reviewing the dismissal of a pro se litigant's complaint, we liberally construe the plaintiff's pleadings, presume all of the plaintiff's well-pleaded factual allegations are true, and view the allegations in the light most favorable to the plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Dunn v. White, 880 F.2d 1188, 1190 (10th Cir.1989) (citations omitted), cert. denied, 493 U.S. 1059 (1990).
 
 
 5
 Plaintiff first asserts the district court erred in dismissing his 1983 claim against Defendant J. Rock, a Denver police officer, as barred by the applicable statute of limitations. Plaintiff alleged below that Defendant Rock illegally obtained an arrest warrant during the course of the criminal investigation. Plaintiff's arrest occurred in April 1988 and his criminal trial was completed in December 1988. Following his conviction, Plaintiff filed his first civil rights complaint in August 1990 and we affirmed the dismissal of the complaint on June 13, 1991. Two years and one day following our affirmance, Plaintiff filed the instant complaint on June 14, 1993.
 
 
 6
 In a 1983 action, we apply the forum state's personal injury statute of limitations, Wilson v. Garcia, 471 U.S. 261, 280 (1985); as a result, Colorado's two-year statute of limitations for personal injury actions is applicable to Plaintiff's claims. See Colo.Rev.Stat. 13-80-102 (1987); see also Blake v. Dickason, 997 F.2d 749, 751 (10th Cir.1993). "Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action." Johnson v. Johnson County Comm'n Bd., 925 F.2d 1299, 1301 (10th Cir.1991) (quotations omitted).
 
 
 7
 Plaintiff knew or should have known of any injury caused by Rock's alleged wrongful acts either before, or, at the latest, upon completion of his December 1988 trial. One year and seven months elapsed between the end of Plaintiff's criminal trial and his 1990 complaint. When this period is combined with the two-year and one day period following the dismissal of his 1990 complaint and 1993 refiling--assuming without deciding that the statute of limitations was tolled during the pendency of his 1990 suit--it is clear that Colorado's two-year statute of limitations was exceeded. Therefore, the district court did not err in dismissing Plaintiff's complaint as against Defendant Rock.
 
 
 8
 Plaintiff next asserts the district court erred in dismissing his complaint against Gary Martinez and Stephen Vigil. In his complaint, Plaintiff sought damages against these parties because they allegedly committed perjury at his criminal trial. A witness who testifies at a trial enjoys absolute immunity from civil liability under 1983. See Briscoe v. LaHue, 460 U.S. 325, 329 (1983). Because Plaintiff's claims against Young, Martinez, and Vigil are based on statements they made as witnesses at Plaintiff's criminal trial, they are absolutely immune from liability. Thus, the district court did not err in dismissing Plaintiff's claims against Martinez and Vigil.
 
 
 9
 Plaintiff next asserts the district court erred in dismissing his claims against prosecutors Olivas and Simms and Rodney Gomez, an investigator for the Denver District Attorney's Affice. The district court determined prosecutorial immunity barred Plaintiff's action against Olivas and Simms but apparently failed to address Plaintiff's claim against Defendant Gomez.[5]
 
 
 10
 Plaintiff asserts the district court erred in failing to conclude the Defendant prosecutors forfeited their absolute immunity by exceeding their jurisdiction when they prosecuted Plaintiff for a crime which was allegedly committed in a different judicial district. We disagree.
 
 
 11
 "In determining whether a prosecutor has lost his absolute immunity by committing a prosecutorial act beyond the scope of his authority, we must interpret his authority broadly." Arnold v. McClain, 926 F.2d 963, 967 (10th Cir.1991) (quoting Lerwill v. Joslin, 712 F.2d 435, 439 (10th Cir.1983)). A prosecutor will be subject to liability only when he has acted in the clear absence of all jurisdiction. Id. In the instant case, the Defendant prosecutors' actions occurred within the context of a criminal prosecution over which a state district court had assumed jurisdiction. Under these circumstances, the Defendant prosecutors did not act in the clear absence of all jurisdiction. Therefore, the district court did not err in dismissing Plaintiff's claims against Defendant prosecutors.
 
 
 12
 Plaintiff also contends the district court erred in dismissing his claims against Governor Roy Romer and former Denver District Attorney Norm Early. In his complaint, Plaintiff alleges that Defendants Romer and Early are liable in their supervisory capacities for the alleged violation of his civil rights. Additionally, Plaintiff claims Defendants Romer and Early have participated in a coverup of the alleged violations committed against Plaintiff. Plaintiff's supervisory claims fail because a party may not be held liable in a civil rights action based solely on his or her supervisory position. See Pembaur v. Cincinnati, 475 U.S. 469, 479 (1986); McKee v. Heggy, 703 F.2d 479, 483 (10th Cir.1983). Furthermore, Plaintiff has failed to allege specific facts in support of his claim that Defendants participated in a coverup of the violations committed against Plaintiff. Because conclusory allegations are insufficient to state a valid 1983 claim, see Durre v. Dempsey, 869 F.2d 543, 545 (10th Cir.1989), the district court did not err in dismissing Plaintiff's claims against Defendants Romer and Early.
 
 
 13
 Finally, in his complaint, Plaintiff sought both dismissal of the charges against him and unconditional release from prison in addition to monetary damages. The district court therefore liberally construed Plaintiff's complaint as a writ of habeas corpus under 28 U.S.C. 2254 as well as a civil rights action, see Smith v. Maschner, 899 F.2d 940, 951 (10th Cir.1990), and dismissed the complaint for failure to exhaust state remedies.
 
 
 14
 When a state prisoner seeks immediate or speedy release from prison, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 494 (1983). In the instant case, Plaintiff's complaint may not be construed as a writ of habeas corpus because Plaintiff has failed to name the warden of the correctional facility in which he is confined--a necessary party to a 2254 action. See Rules Governing Section 2254 Cases, Rule 2(a) (petition must name state officer having custody of the applicant as respondent). Thus, the district court did not err in failing to address Plaintiff's claims for release from prison.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 Plaintiff named Calvin Hemphill and Sandra Young as Defendants both in his 1990 complaint and the instant complaint. Because both complaints center on alleged civil rights violations arising out of his arrest and trial, Plaintiff's claims as against these Defendants are barred by the doctrine of res judicata, which dictates that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." Brown v. Felsen, 442 U.S. 127, 131 (1979) (citations omitted)
 
 
 [4]
 Although it is unclear from the record whether the district court dismissed Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) or 28 U.S.C.1915(d), we assume Plaintiff's complaint was dismissed pursuant to Rule 12(b)(6) because the court had before it a motion to dismiss from two of the named Defendants in Plaintiff's complaint
 
 
 [5]
 As an initial matter, we conclude that because Defendant Gomez' actions as alleged are inextricably tied to the actions of the prosecutors in this case in initiating, preparing, and presenting Plaintiff's criminal case, he, like the prosecutors, is entitled to absolute immunity from suit. See Atkins v. Lanning, 556 F.2d 485, 489 (10th Cir.1977) ("As to the district attorney's investigators, it would hardly seem reasonable to exculpate the district attorney and to not immunize his underlings.")