**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 24, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RANDY KAILEY,

      Plaintiff-Appellant,

v.

BILL RITTER; ARISTEDES
ZAVARAS; KEITH NORDELL;
MARY CARLSON; ANTHONY
DECESARO; CARL GILGE; BURL
MCCULLAR; RYAN LONG; JOHN
LEONARD; CONNIE STEVENS;
JOHN BIHARRY; JAMES DAY;
JOHN GAYLORD; ROBERT
KAHANIC; ALVIN SAIS; BETH
STEPHENSON; WILLIAM
FLEMING; DEBRA PACHECO; W.
GERALD SCRUGGS; RICK
LALONDE; ROBERT WRIGHT;
RICHARD MANNING; JAMES
LUECK; RAYMOND GONZALES;
CRUZ CABALLERO; CAROL
MORTON; MIKE LEEWAYE; KEITH
VALERIO; DONALD STURGEON;
GLYNETTE SMITH; ED VIGIL, in
their individual and official capacities,

      Defendants-Appellees.

No. 11-1372
(No. 1:11-CV-00143-LTB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

    [*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Plaintiff-Appellant Randy Kailey, a Colorado state prisoner proceeding pro se,[1] appeals from the district court's dismissal of his complaint alleging various civil rights violations under 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I

Mr. Kailey is an inmate in a Colorado state prison. He filed a complaint in the U.S. District Court for the District of Colorado, alleging that he was not awarded the earned time credits ("credits") he should have received. Specifically, Mr. Kailey's complaint alleges:[2] (1) that he participated in recommended one-on-one sex-offender counseling sessions and other treatment, but was denied certain credits that other state prisoners participating in the same program received for their participation, *see* R. at 189 (Second Am. Compl, filed May 10, 2011); (2)

Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] We construe Mr. Kailey's pro se filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

[2] Mr. Kailey filed a second amended complaint and it was the subject of the district court's order of dismissal. In discussing Mr. Kailey's "complaint," we are referring to his second amended complaint.

that after being transferred to a prison that did not provide certain treatment options, he placed himself on a "waiting list" but was denied the corresponding credits, to which he avers statutory entitlement, and that other prisoners on the list did receive, *see id.* at 189–90; and (3) that after complaining to prison officials about not being awarded credits, and receiving a promise that certain credits would be "restored," the credits were not restored, *see id.* at 192. Mr. Kailey alleges that he has earned "more than . . . 1,154 days" of credit that has unlawfully been denied. *See id.* at 193.

Mr. Kailey named thirty-five defendants, principally prison officials, in both their official and individual capacities. His complaint includes six specific claims, in which he avers violations of his First, Fifth and Fourteenth Amendment rights. He sought both equitable relief, i.e., declaratory and injunctive relief, and damages.

The district court determined that "[f]or the most part, Mr. Kailey's supporting facts took place more than two years before he submitted the instant action for filing, and his claims now are barred by the statute of limitations." *Id.* at 229 (Order of Dismissal, filed June 23, 2011). The court noted, however, that even if it "were to consider Mr. Kailey's claims on the merits, the claims would be dismissed as legally frivolous." *Id.*

In that regard, the court reasoned that because Mr. Kailey was convicted of

a sex offense, and he is subject to discretionary (not mandatory) parole, he "does not have a liberty interest in receiving direct credit against his sentence." *Id.* at 232. The court stated that "earned time credits are not protected independently by the Constitution," *id.* at 233 (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)), and that "Mr. Kailey fails to demonstrate the existence of any constitutionally protected liberty interest that arises under state law because the award of earned time credits in Colorado is discretionary with prison authorities," *id.* (citing *Fogle v. Pierson*, 435 F.3d 1252, 1262 (10th Cir. 2006)).[3]

With respect to Mr. Kailey's putative discrimination claims—i.e., that unlike him, other inmates continue to receive credits even though they had been convicted of a disciplinary infraction; and that his placement in a prison facility that lacks certain programs that would qualify him for credits is, itself, disparate

---

[3] In a previous case also filed in the U.S. District Court for the District of Colorado, Mr. Kailey lodged a facial constitutional challenge to the Colorado parole scheme, as construed by the Colorado Attorney General. *See Rather v. Romer*, 930 F.2d 34, No. 90-1260, 1991 WL 50541 (10th Cir. Apr. 8, 1991) (unpublished table decision). A panel of this court upheld the district court's dismissal of Mr. Kailey's claims. *See id.* at *1. The panel rejected his due-process challenge on the ground that he had not established a constitutionally protected liberty interest in parole. *See id.* at *2. The panel concluded that the U.S. Constitution did not provide him a liberty interest in mandatory parole. *See id.* Furthermore, because the Colorado Supreme Court had construed the parole regime relating to sex offenders as providing for discretionary parole—a reading that we accord deference—the panel determined that Colorado law did not create a constitutionally protected liberty interest in parole. *See id.* The panel stated that, to the extent that the relief sought would involve securing speedier release from prison, "the action . . . is in reality one for habeas corpus relief." *Id.* at *1

treatment—the district court held that Mr. Kailey's "allegations do not make a rational argument on the law and facts supporting an equal protection claim." *Id.* at 235. The court reasoned that "Mr. Kailey fails to assert how he was treated differently from other *similarly situated* inmates in the denial of earned time credits or for his placement in a prison facility where [certain programs are] not available." *Id.* at 235–36 (citing *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (per curiam)).

Mr. Kailey filed a Motion for Reconsideration. The district court denied that motion, noting that "[a] motion for reconsideration is appropriate where a court has misapprehended the facts, a party's position, or the controlling law," and that "Mr. Kailey does not argue an intervening change in controlling law or the availability of new evidence . . . [and] fails to demonstrate the need to correct clear error or prevent manifest injustice." *Id.* at 252 (Order Denying Mot. for Reconsideration, filed July 20, 2011). Mr. Kailey timely filed a notice of appeal.

## II

For several reasons, we conclude that Mr. Kailey's claims must fail. We address each of these reasons in turn.

### A

In his complaint, Mr. Kailey seeks certain forms of declaratory and injunctive (i.e., equitable) relief. He requests a declaratory judgment stating that

certain defendants "willfully failed to enter [his] meritorious sentence reduction credits . . . as was . . . specifically required by state law . . . in violation of his Constitutionally protected Fifth and Fourteenth Amendment liberty interest." *Id.* at 223. He also seeks a declaratory judgment that other defendants "wantonly refused to enter [his] meritorious sentence reduction credits into the [state computer system] as was . . . required by . . . law." *Id.* Mr. Kailey also seeks injunctive relief, including, among other things, orders directing certain defendants to "award [Mr. Kailey] [a total of 1,270] meritorious sentence reduction credits to be deducted from the criminal sentence." *Id.* at 225–26.

Because a judgment in Mr. Kailey's favor would necessarily imply the invalidity of his sentence, his complaint under § 1983 must be dismissed unless Mr. Kailey can show that the sentence has already been invalidated, for example, as the result of a habeas proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Janke v. Price*, 124 F.3d 216, No. 96-1493, 1997 WL 537962, at *4 (10th Cir. Sept. 2, 1997) (unpublished table decision) ("[Plaintiff's] claims that seek restoration of his good time credits are not cognizable under § 1983 until he has established that the conviction or sentence has been declared invalid."). In other words, Mr. Kailey's claims should have been brought in a petition for a writ of habeas corpus, and not in a civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or *duration* of

his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a *speedier release* from that imprisonment, his sole federal remedy is a writ of habeas corpus." (emphases added)); *see also Smith v. Maschner*, 899 F.2d 940, 951 (10th Cir. 1990) ("Insofar as [the appellant] seeks restoration of his good time credits, his complaint runs afoul of the Supreme Court's holding in *Preiser v. Rodriguez*." (citation omitted)); *Rather*, 1991 WL 50541, at *1; *accord Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996) (holding that where plaintiff sought relief from custody, his complaint sounded in habeas corpus, not civil rights). Whether or not Mr. Kailey is entitled to such equitable relief, we are not in a position to grant it.[4]

It is true that "[t]he district court could liberally construe [a pro se petitioner's civil rights] complaint as a section 2254 petition." *Smith*, 899 F.2d at

---

[4] We note that, in his prayer for relief, Mr. Kailey also purports to request injunctive relief more broadly. Specifically, Mr. Kailey seeks to enjoin the defendants from "withholding meritorious sentence reduction credits from state prisoners based solely upon conviction for disciplinary infractions until such time as state law . . . [is] amended to recognize the loss of meritorious sentence reduction credits as an authorized sanction, or penalty, for conviction of disciplinary infractions." *Id.* at 226. In order to grant this form of relief, however, we would need to conclude as an antecedent matter that Colorado law currently does not authorize the withholding of prisoners' credits as a sanction or penalty for disciplinary infractions. And Mr. Kailey's averments leave no doubt that such a conclusion will necessarily entitle him to an award of credits. *See id.* at 210–11 (discussing the number of credits that he was improperly denied because of unlawful application of Colorado law to deny credits based upon his disciplinary violations). Accordingly, this is not the type of "prospective relief [that] will not 'necessarily imply' the invalidity of a previous loss of good-time credits, and so may properly be brought under § 1983." *Balisok*, 520 U.S. at 648.

951.  But, even if we were to construe Mr. Kailey's complaint as a habeas petition, it would be defective.  To obtain habeas relief Mr. Kailey would be required to name the warden of the correctional facility in which he is confined.  *See Depineda v. Hemphill*, 25 F.3d 1056, No. 94-1094, 1994 WL 247025, at *3 (10th Cir. June 9, 1994) (per curiam) (unpublished table decision).  The warden is a necessary party to a § 2254 action.  *See id.*; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) ("A federal habeas corpus action brought by a state prisoner must name as the respondent the state officer who has custody of the petitioner." (citation omitted) (internal quotation marks omitted)); *Smith v. Idaho*, 392 F.3d 350, 354–55 (9th Cir. 2004) (holding that the district court lacks personal jurisdiction over a habeas petition when the state official having custody is not named as respondent).  Mr. Kailey, however, did not name the warden as a respondent.  Accordingly, Mr. Kailey's § 1983 action—even if it were construed as a habeas petition—would fail.

**B**

To the extent Mr. Kailey's complaint seeks damages under § 1983, *see* R. at 227, his claims also must fail.  In addition to the equitable relief sought, Mr.

Kailey seeks awards of "[c]ompensatory damages" resulting from "false imprisonment," for "severe mental anguish and other extreme emotional distress," and for "unwanted pain and suffering." *Id.* He also seeks punitive damages, as well as costs, and "[a]ny additional relief the Court or jury may deem appropriate, proper, and otherwise just." *Id.*

Under 42 U.S.C. § 1983, Mr. Kailey sued numerous state officials in their official capacity for damages. This avenue is not viable for Mr. Kailey. Neither the State, nor state officials who are sued in their official capacities, can be proceeded against under § 1983 because they are not "persons" within the meaning of the statute (and therefore, the Eleventh Amendment bars such suit in federal court). *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("Neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983.") (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)); *see Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("[T]he Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997); *Thompson v. Hadwiger*, 21 F.3d 1122, No. 93-7096, 1994 WL 131753, at *1 n.2 (10th Cir. Apr. 15, 1994) (per curiam) (unpublished table decision).

In his § 1983 claims, Mr. Kailey also sued the defendants in their individual capacities. However, upon review of the pertinent legal authorities and the record as a whole—and for substantially the same reasons stated by the district court—we conclude that Mr. Kailey's claims for damages against the defendants in their individual capacities are substantively without merit.

**III**

For the reasons set forth above, we **AFFIRM** the district court's order dismissing Mr. Kailey's complaint and its resulting judgment. Mr. Kailey's pending motion to proceed *in forma pauperis* on appeal is **GRANTED**. Mr. Kailey is reminded of his obligation to continue making partial payments until his entire filing fee has been paid in full.

Entered for the Court

JEROME A. HOLMES
Circuit Judge