**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TOBI KILMAN,

     Plaintiff - Appellant,

v.

DEAN WILLIAMS, Executive Director of
the Colorado Department of Corrections;
RICK RAEMISCH, Former Executive
Director of the C.D.O.C.; JAMES
RICKETS, Former Executive Director of
the C.D.O.C.; TOM CLEMENTS, Former
Executive Director of the C.D.O.C.; JOHN
SUTHERS, Former Executive Director of
the C.D.O.C.; JOE ORTIZ, Former
Executive Director of the C.D.O.C.;
ARISTEDES ZAVARES, Former
Executive Director of the C.D.O.C.;
FRANK GUNTER, Former Executive
Director of the C.D.O.C.; WALTER
KAUTZKY, Former Executive Director of
the C.D.O.C. and unnamed former
executive director of the C.D.O.C. Circa
1990-2019,

     Defendants - Appellees.

No. 19-1476
(D.C. No. 1:19-CV-02265-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **MORITZ**, Circuit Judges.
_____

Tobi Kilman appeals pro se from the district court's judgment dismissing his

42 U.S.C. § 1983 action.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  Background

Kilman was a Colorado state prisoner at four different times between 1997 and

2017.  In his complaint in this action, filed after his 2017 release, he alleged that he

was deprived of 56 months of statutory good-time and earned-time credits.  He

asserted that this deprivation violated his rights under the Fifth, Eighth, and

Fourteenth Amendments.  He sought damages against the current and former

Executive Directors of the Colorado Department of Corrections (CDOC) in their

individual capacities.  His theory was that beginning in 1990, Executive Director

Kautzky implemented a policy of improperly awarding good-time and earned-time

credits, and successive Executive Directors have continued the policy.

After granting Kilman leave to proceed in forma pauperis (IFP), a magistrate

judge screened the complaint and ordered Kilman to show cause why the district

court should not dismiss it.  Kilman responded.  The magistrate judge then issued a

report and recommendation that the action should be dismissed pursuant to *Heck v.*

*Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, if "a judgment in favor of [a state

prisoner] would necessarily imply the invalidity of his conviction or sentence," a

district court must dismiss a § 1983 action "unless the plaintiff can demonstrate that

2

the conviction or sentence has already been invalidated." *Id.* at 487. In the alternative, the magistrate judge recommended dismissing the complaint as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for failure to allege facts showing either a constitutional violation or personal participation by any of the named defendants. Kilman filed timely objections to the magistrate judge's recommendation. The district court accepted and adopted the recommendation and dismissed the action for the reasons stated in the recommendation. Kilman appeals.

## II. Discussion

Kilman primarily argues that *Heck* does not apply to his action because he did not seek to invalidate either his convictions or his sentences but only the manner in which his sentences were imposed. We disagree and therefore affirm the district court's dismissal based on *Heck*. Consequently, we need not reach Kilman's other arguments.

Because the district court dismissed Kilman's action as part of the IFP screening process, we construe its *Heck* dismissal as one under § 1915(e)(2)(B)(ii)'s directive that a court must dismiss an action if it "fails to state a claim on which relief may be granted." *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312 (10th Cir. 2011) ("[T]he dismissal of a civil rights suit for damages based on prematurity under *Heck* is for failure to state a claim."). Thus, our review is de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (applying de novo review to dismissal of IFP complaint for failure to state a claim under § 1915(e)(2)(B)(ii)). We afford a

3

liberal construction to Kilman's pro se filings, but we may not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In applying *Heck*, the district court relied on our unpublished decision, *Kailey v. Ritter*, 500 F. App'x 766 (10th Cir. 2012). In *Kailey*, we held that *Heck* barred a § 1983 claim that Colorado prison officials violated a prisoner's constitutional rights under the First, Fifth, and Fourteenth Amendments when they failed to award him earned-time credits. *See id.* at 767, 769. Kilman attempts to distinguish *Kailey* in three ways: (1) Kailey was subject to discretionary parole, but Kilman was subject to mandatory parole, so Kilman has a liberty interest in the credits he allegedly did not receive; (2) Kailey's action had technical and procedural issues that are lacking here; and (3) Kailey argued that earned-time credits could not be withheld for bad behavior, but Kilman raises no such argument. While these distinctions exist, Kilman does not explain why they are material to the *Heck* analysis, and we see no materiality. In *Kailey*, our application of *Heck* did not turn on any of the factual distinctions Kilman highlights.

But regardless of *Kailey*, the Supreme Court has made clear that under its precedent, including *Heck*, a writ of habeas corpus is the sole federal remedy in cases where a state prisoner seeks any relief, damages or otherwise, that would "necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Kilman's success in a § 1983 action for damages based on the deprivation of good-time and earned-time credits would require a federal court to determine that prison officials wrongly deprived him of those credits and held

4

Kilman longer than they should have. That would necessarily demonstrate that the duration of Kilman's confinement was invalid, even if his claim is viewed purely as a due process challenge to CDOC's allegedly wrongful procedure for computing credits. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (applying *Heck* to prisoner's § 1983 suit that, if successful on procedural challenge, would imply the invalidity of the deprivation of good-time credits). Accordingly, to obtain federal relief, Kilman had to pursue a writ of habeas corpus.

As the district court noted, *Heck* does not apply when a plaintiff has no available habeas remedy, but the plaintiff must show that the lack of a habeas remedy is "through no lack of diligence on his part." *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010). The only statement in Kilman's appellate brief that could be construed as relevant to the *Cohen* exception is his claim that he was simply unaware of the CDOC's "corrupt time-computation practices until he had already [been] discharged." Aplt. Br. at 4. His lack of awareness, however, shows nothing more than a lack of diligence in filing any habeas petitions during his incarcerations. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). Kilman, therefore, has not shown that *Cohen*'s exception to *Heck* applies.

## III.  Conclusion

The district court's judgment is affirmed. We grant Kilman's motion to proceed IFP on appeal and remind him of his obligation to continue making partial

5

payments until the appellate filing and docketing fees are paid in full. *See* 28 U.S.C. § 1915(a)(1) (excusing only "prepayment of fees"); *id.* § 1915(b)(1) (requiring prisoners to make partial payments of filing fees).[1]

Entered for the Court
Per Curiam

---

[1] Section 1915(b)(1)'s partial-payment fee provisions apply to Kilman because at the time he filed this appeal, he was a pretrial detainee at a Colorado county detention center.