15 F.3d 989
 Waller S. DUNCAN, Jr., Plaintiff-Appellant,
and
Rocky L. Pearson, Chris Badger, Thomas Chippewa, and Edward
Smith, Plaintiffs,
v.
Frank O. GUNTER, Executive Director, Colorado Department of
Corrections; Gale A. Norton, Colorado Attorney
General, Defendants-Appellees.
 No. 93-1251.
 United States Court of Appeals,
Tenth Circuit.
 Feb. 4, 1994.
 
 Submitted on the Briefs:*
 Waller S. Duncan, Jr., pro se.
 Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy R. Arnold, Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jane R. Christman, First Assistant Attorney General, and Larry D. Tannenbaum, Senior Assistant Attorney General, Tort Litigation Section, Denver, Colorado, for appellees.
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Waller S. Duncan, Jr., an inmate at Buena Vista Correctional Facility, filed a suit along with four other inmates seeking damages and declaratory or injunctive relief under 42 U.S.C. Sec. 1983.[1] The plaintiffs claimed that the defendants wrongfully denied them an increase in earned-time credits, which would have entitled them to release. We affirm the district court's dismissal of the complaint.
 
 BACKGROUND
 
 2
 Colorado's new earned-time provisions double the maximum amount of earned-time credits that the Colorado Department of Corrections ("DOC") may award to inmates each month. See Colo.Rev.Stat. Secs. 17-22.5-302(1), -405(1) (1986 & Supp.1993). The new statute declares that "the amount of earned time which may be credited pursuant to this part 4 to any inmate incarcerated on or before July 1, 1990, shall not exceed the amount of earned time actually earned by such inmate pursuant to earned time provisions in effect prior to July 1, 1990." Id. Sec. 17-22.5-406(1)(b) (Supp.1993). The plaintiffs, all of whom were imprisoned before 1990, understood this section to require the DOC to retroactively double the earned-time credits that they had already earned. However, the DOC refused to award the plaintiffs any earned-time credits retroactively.
 
 
 3
 After some of the plaintiffs filed state habeas corpus petitions, the plaintiffs filed this action under 42 U.S.C. Sec. 1983, seeking declaratory relief against Gale Norton, the Attorney General of Colorado, and damages from Frank Gunter, the Executive Director of the DOC. The defendants moved to dismiss on several grounds. The district court accepted the magistrate judge's recommendation to dismiss because the earned-time statute did not apply retroactively.
 
 DISCUSSION
 
 4
 Although the district court dismissed the complaint on the merits, we may affirm on any grounds supported by the record. Griess v. Colorado, 841 F.2d 1042, 1047 (10th Cir.1988). We do not decide whether the earned-time statute requires a retroactive increase in Duncan's earned-time credits, because Colorado courts should have the first chance to decide that question. Instead we affirm because the defendants are immune from an action for damages and because the requested declaratory or injunctive relief may be sought only in a petition for a writ of habeas corpus.
 
 I. Declaratory Relief
 
 5
 The plaintiffs' complaint essentially asks for an injunction requiring the Colorado Attorney General "to inform DOC of the changes in the state law, and advise DOC to conform to the statutes which govern." Compl. at 5. Although characterized as declaratory relief rather than an injunction ordering their release, the requested order "would be tantamount to a decision on [the plaintiffs'] entitlement to a speedier release." Hanson v. Heckel, 791 F.2d 93, 96 (7th Cir.1986) (per curiam). Therefore Duncan may seek this relief only in a habeas corpus action after exhausting state judicial remedies. E.g., Young v. Kenny, 907 F.2d 874, 876-77 (9th Cir.1989), cert. denied, 498 U.S. 1126, 111 S.Ct. 1090, 112 L.Ed.2d 1194 (1991); Hanson, 791 F.2d at 95-97; see also Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841, 36 L.Ed.2d 439 (1973) (holding that habeas corpus is the sole federal remedy for a state prisoner seeking a determination that he is entitled to a speedier release).
 
 II. Damages
 
 6
 Duncan also requests damages from Frank Gunter, in both his official and individual capacities. Compl. at 5-6. Duncan may properly seek damages in a section 1983 action rather than in habeas. See Wolff v. McDonnell, 418 U.S. 539, 554-55, 94 S.Ct. 2963, 2973-74, 41 L.Ed.2d 935 (1974). However, he may not use a damages claim under section 1983 to avoid the habeas exhaustion requirement. If deciding a damages claim under section 1983 would also decide the validity of the plaintiff's confinement, we should stay the section 1983 action pending exhaustion of state judicial remedies, so that the state courts may first consider whether the plaintiff is entitled to speedier release. See Young, 907 F.2d at 876-78; Offet v. Solem, 823 F.2d 1256, 1258-61 (8th Cir.1987); Richardson v. Fleming, 651 F.2d 366, 373 (5th Cir.1981). In this case, however, we can dispose of Duncan's section 1983 damages claim without preventing Colorado courts from first deciding whether Duncan is entitled to a speedier release. We do not need to decide whether Colorado law requires retroactively awarding earned-time credits to Duncan, because Gunter clearly is not subject to a section 1983 damages claim in his official capacity and is immune from a damages claim in his individual capacity.
 
 
 7
 Neither states nor state officers sued in their official capacity are "persons" subject to suit under section 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). Duncan therefore may not seek damages from Gunter in his official capacity.
 
 
 8
 However, state officers sued in their individual capacities are "persons" subject to suit under section 1983. Hafer v. Melo, --- U.S. ----, ----, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991). The Eleventh Amendment does not bar such a suit because state officers may be personally liable for their unconstitutional acts. Houston v. Reich, 932 F.2d 883, 887 (10th Cir.1991).
 
 
 9
 Nevertheless, Gunter has qualified immunity in this case. State officers sued in their individual capacities are immune from liability for exercises of discretionary authority unless their conduct "violate[d] clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); accord Houston, 932 F.2d at 887-88. Duncan has the burden of proving "a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited." Laidley v. McClain, 914 F.2d 1386, 1394 (10th Cir.1990); accord Jantz v. Muci, 976 F.2d 623, 627 (10th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2445, 124 L.Ed.2d 662 (1993). Even though the district court did not address it, we may resolve the issue of qualified immunity on appeal because in this case it is purely a legal question. See Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985).
 
 
 10
 When Gunter and the DOC did not award retroactive earned-time credits under section 406(1)(b), no court had interpreted that section. As the recommendation of the magistrate judge demonstrates, one may reasonably interpret the statute to forbid retroactive increases in earned-time credits awarded before 1990. Even if the statute does permit retroactive awards, it does not clearly make such awards mandatory. In fact, the statute seems to say that any grants of earned-time credits under the new statute are discretionary. See Colo.Rev.Stat. Sec. 17-22.5-405(3) ("[T]he department shall review the performance record of the inmate ... and may grant, withhold, withdraw, or restore, consistent with the provisions of this section, an earned time deduction...."). If so, denying an increase in earned-time credits under the new statute would not have deprived Duncan of a liberty interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463, 109 S.Ct. 1904, 1910, 104 L.Ed.2d 506 (1989). Because the law did not clearly prohibit the decision to deny retroactive earned-time credits, Gunter is immune from damages in his individual capacity.[2]
 
 
 11
 We GRANT Duncan's motion to proceed in forma pauperis, and AFFIRM the district court's dismissal of the complaint.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. This cause is therefore ordered submitted without oral argument
 
 
 [1]
 Although the caption of the notice of appeal lists all five plaintiffs, only Duncan signed the notice. The district court subsequently ruled that Duncan could not represent the other plaintiffs on appeal. We therefore refer only to Duncan, although our decision would be the same even if all five plaintiffs had appealed
 
 
 [2]
 The plaintiffs' complaint also alleged that the defendants had conspired to discriminate against the class of prisoners who were sentenced for crimes committed between 1979 and 1990. The magistrate judge's recommendation did not address the equal protection claim, nor have the plaintiffs mentioned it in their objections to the magistrate's recommendation or on appeal. Nevertheless, we note that the plaintiffs have not pointed out any law clearly establishing that increasing benefits to all prisoners only prospectively violates equal protection