28 F.3d 112
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffrey Dean COOPER, Plaintiff-Appellant,
v.
John FINNEY, Governor; Gary Stotts, Michael A. Nelson and
Gary Lee Wilson, Defendants-Appellees.
 No. 93-3336.
 United States Court of Appeals, Tenth Circuit.
 June 6, 1994.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, ANDERSON and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Cooper, appearing pro se, appeals the district court's dismissal of his complaint for declaratory and monetary relief. In addition to the Kansas governor, Mr. Cooper named the following defendants in his complaint: the Kansas Secretary of Corrections, the WardenDirector of El Dorado Correctional Facility, and the Unit Team Manager of Cellhouse E at the facility. Mr. Cooper alleges that the Kansas Sentencing Guidelines Act, as amended effective July 1, 1993, denies him equal protection because its retroactivity provision, Kan. Stat. Ann. 21-4724 (Supp.1993), has not been applied to his aggravated robbery conviction, thereby reducing the time in custody associated with that conviction. He also claims that another provision of the act, Kan. Stat. Ann. 21-4702 (Supp.1993), is void for vagueness. The district court dismissed the action as one in the nature of habeas corpus which requires exhaustion of state remedies. Preiser v. Rodriguez, 411 U.S. 475, 489-93 (1973).
 
 
 2
 On appeal, Mr. Cooper argues that he is not seeking release from custody, rather his complaint seeks declaratory and monetary relief. Although we afford pro se complaints liberal construction, we look to the substance of the complaint, and here it is apparent that the declaratory relief sought is tantamount to a decision on the length of custody. See Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir.1994). As for the damages claim, any reasonable reading of the complaint leads to the conclusion that it is an "official capacity" suit not cognizable under 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989). In any event, the Defendants would be protected by qualified immunity were we to construe the complaint as one brought against Defendants in their individual capacities. Duncan, 15 F.3d at 992.
 
 
 3
 Mr. Cooper's motion to proceed in forma pauperis is GRANTED.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument