39 F.3d 1192
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Stephen LARKIN, Plaintiff-Appellant,
v.
Dan REYNOLDS, Warden, and Mr. Morgan, Unit Manager--H Unit,
Defendants-Appellees.
 No. 94-7013.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1994.
 
 ORDER AND JUDGMENT*
 Before SETH, BARRETT, and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Stephen Larkin, an inmate at the Oklahoma State Penitentiary (OSP), appeals pro se the district court's dismissal of his 42 U.S.C.1983 claim which alleges that Appellees violated Oklahoma Department of Corrections (DOC) policy by forcing him to cut his hair and shave while he had an appeal pending to the Regional Director's office for an exemption to the grooming code. Mr.Larkin maintains that forced conformance with the grooming code inhibits his right to practice his religion, which requires him to refrain from removing body hair. In addition, he contends that his forced conformance constituted cruel and unusual punishment under the Eighth Amendment.
 
 
 3
 The district court dismissed Appellant's action following Appellees' Motion to Dismiss and/or Motion for Summary Judgment. The court looked to the pleadings, affidavits of prison officials, a special report filed by the Appellees, and the parties' motions in support of and opposing dismissal in reaching its decision. We review de novo the district court's grant of a motion for summary judgment, applying the same legal standard as did the district court, Fed.R.Civ.P. 56(c). Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, --- U.S. ----, 113 S.Ct. 635. Rule 56(c) dictates that, if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Fed.R.Civ.P. 56(c). When applying that standard, "[w]e view the evidence and draw any inferences in a light most favorable to the party opposing summary judgment, but that party must identify sufficient evidence which would require submission of the case to a jury." Thomas, 968 F.2d at 1024. In addition, we liberally construe the pleadings of a pro se litigant, holding them to a less stringent standard than formal pleadings drafted by attorneys. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.).
 
 
 4
 Appellant's complaint involves OSP's grooming code, which prohibits inmates from growing facial or long head hair. Exemptions may be obtained by prisoners, however, for religious or medical reasons. Such a request is made to the prison's Grooming Code Committee which makes a recommendation subject ultimately to the Warden's final decision. Petitioner may then appeal an unfavorable decision to the Regional Director of DOC. Central to Appellant's case is the grooming code's provision that during the pendency of that appeal, the code is not enforced on that particular individual. Appellant does not attack the grooming code itself; rather, he claims that he was forced into compliance with the grooming code when he had an appeal to DOC outstanding.
 
 
 5
 Our review of the record indicates that on April 29, 1992 Appellant applied for a religious exemption which was heard by the Grooming Code Committee on May 7, 1992 and ultimately denied by the Warden on May 18, 1992. On October 22, 1992 Appellant was ordered into compliance with the grooming code. He filed an appeal of the denial of his exemption request on November 9, 1992, which resulted in Appellant's being granted an exemption to the grooming code.
 
 
 6
 Appellant maintains that the grooming code appeal provisions were breached when he was forced into compliance on October 22, 1992 because at that time he had pending an appeal of the Warden's final decision. However, during the five months that passed between the Warden's final determination of Appellant's request for an exemption and the enforcement of the grooming code's requirements, there is no evidence of an appeal being filed. Mr.Larkin fails to provide any documentation of an appeal of the Warden's decision being filed prior to November 9, 1992. Further, an affidavit filed by the Offender Grievance Review Officer for DOC states that prior to Appellant's November 9, 1992 appeal no appeal was filed. Appellant claims that his immediate appeal must have been filed and either lost or not acted upon or else he would not have been allowed to grow his hair for five months. He further states that when an appeal is filed, all documentation is filed with it; thus, he does not have any record of appeal. Finally, Appellant states that if he had not immediately filed an appeal after the Warden's decision, his appeal of November 9, 1992 would not have been allowed because of the five months that had elapsed since the Warden's decision. We do not find these arguments convincing. There is simply no evidence that an appeal of the Warden's decision was filed prior to November 9, 1992. When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.' " Hall v. Bellmon, 935 F.2d at 1111 (quoting Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587). In such an instance, summary judgment is appropriate. Fed.R.Civ.P. 56(c).
 
 
 7
 Appellant's contention that forced compliance with the grooming code violates the Eighth Amendment is not meritorious. The Eighth Amendment's proscription of cruel and unusual punishment applies to unnecessary and wanton infliction of pain which is grossly disproportionate to the severity of the crime committed. Rhodes v. Chapman, 452 U.S. 337, 346. Enforcement of the grooming code clearly survives this exacting inquiry.
 
 
 8
 Finally, we note that even if the district court had erred in its summary dismissal of Appellant's claim, we cannot state under the facts alleged by Mr.Larkin that Appellees' acts were not objectively reasonable, thus entitling them to qualified immunity. See Duncan v. Gunter, 15 F.3d 989 (10th Cir.).
 
 
 9
 Based upon the foregoing reasoning, we AFFIRM the district court's dismissal of the complaint.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470