61 F.3d 915
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Darrell R. BRIGGS, Plaintiff-Appellant,
v.
Larry A. FIELDS, Defendant-Appellee.
 No. 94-6400
(D.C.No. CIV-93-699-W)
 United States Court of Appeals, Tenth Circuit.
 July 19, 1995.
 
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.[2]
 
 
 2
 Plaintiff-Appellant Darrell R. Briggs ("Briggs") filed this 42 U.S.C.1983 action pro se, seeking monetary and injunctive relief to redress the denial of furloughs to which he claimed an entitlement under state law. Briggs argues that when he pled guilty to charges of rape, Oklahoma law allowed him to participate in a programmatic furlough program, but Oklahoma amended its furlough statute shortly thereafter to preclude sex offenders from taking part in this program. See Okla. Stat. tit. 57 510.1(C). Thus, Briggs filed the instant 1983 action, claiming that the amended provision constituted an ex post facto law and violated his constitutional rights.
 
 
 3
 The district court referred this matter to a magistrate who issued a report recommending the dismissal of Briggs' complaint. The district court accepted the magistrate's conclusion that, to the extent Biggs' complaint fell within the scope of 28 U.S.C. 2254, the federal habeas corpus provision, he had failed to exhaust his state remedies. Report at 5. Moreover, the district court also accepted the magistrate's judgment that, to the extent Briggs sought relief under 1983, that claim should be denied because he failed to allege a protectible liberty interest. Report at 7. While we agree with Briggs that his claim for relief is cognizable under 1983, we AFFIRM the district court's judgment that Briggs failed to state a claim upon which relief can be granted.
 
 DISCUSSION
 
 4
 On appeal, Briggs contends that his complaint does not address the "fact or duration of [his] confinement," but the "conditions of his prison life." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Briggs maintains that Preiser limits the former category of complaints to habeas corpus relief--which requires the exhaustion of state remedies--while allowing the latter category (which includes Briggs' complaint) to proceed under Section 1983. We agree. Thus, we proceed to consider the merits of Briggs' complaint.
 
 
 5
 Briggs complains that the amended furlough statute constituted an ex post facto law because it deprived him of a legal right to which he had been entitled when he pled guilty. However, it is well established that, at the very least, the Ex Post Facto Clause "only applies to penal statutes which disadvantage the offender affected by them." Collins v. Youngblood, 497 U.S. 37, 41 (1990) (emphasis added) (citing Calder v. Bull, 3 Dall. 386, 390-92 (1798) (opinion of Chase, J.)). While we do not view the amended statute as a penal statute within the scope of the Ex Post Facto Clause,[3] we follow the magistrate's approach of construing Briggs' ex post facto claim as alleging a due process violation. See Abbott v. McCotter, 13 F.3d 1439, 1440 (10th Cir.1994) (pro se pleadings are to be construed liberally) (quotation omitted).
 
 
 6
 Under the Due Process Clause, a prisoner can challenge the conditions of his confinement if the state "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, --- S.Ct. ---, ----, No. 93-1911, 1995 WL 360217, * 6 (1995).[4] We cannot conclude that the deprivation of the ability to participate in a furlough program is an "atypical and significant hardship."[5] Thus, we reject Briggs' due process claim.
 
 CONCLUSION
 
 7
 For the reasons stated above, we AFFIRM the district court's dismissal of Briggs' complaint. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court granted Appellant's application to proceed in forma pauperis pursuant to 28 U.S.C.1915(a)
 
 
 [3]
 If we had viewed it as such, this action would not be appropriate for 1983 relief, but rather would be one for habeas corpus relief
 
 
 [4]
 Defendant contends that Briggs' constitutional claim is not ripe because he failed to request a furlough release, and that we cannot consider any evidence of such a request which he did not present to the district court. However, we reject this argument on the ground that a civil rights plaintiff need not first pursue a right which will certainly be denied in order to complain of the deprivation of that right through a change in the state's statutes or regulations
 
 
 [5]
 We note that our conclusion is supported by the fact that prison officials maintain unconstrained discretion in whether to grant furloughs--i.e. Oklahoma law never provided prisoners with an absolute right to participate in a furlough program. Okla. Stat. tit. 57 510.1(A) (the state "may extend the limits of the place of confinement ... by authorizing such committed offender under special conditions to be away from such correctional facility but within the state") (emphasis added); Duncan v. Gunter, 15 F.3d 989, 992 (10th Cir.1994) (non-retroactive award of discretionary good time credits does not violate due process). Indeed, the Magistrate's Report, which was issued before Conner was decided, recommended ruling against Briggs on this ground. See Report at 7