66 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles DANIEL, Plaintiff-Appellant,
v.
Larry A. FIELDS, Defendant-Appellee.
 No. 95-6132.
 United States Court of Appeals, Tenth Circuit.
 Aug. 31, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this court has determined unanimously that oral argument would not assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. This cause is therefore ordered submitted without oral argument. We grant the request of the plaintiff-appellant Charles Daniel for leave to proceed in forma pauperis and proceed to the merits of this appeal.
 
 
 2
 Mr. Daniel, a prisoner incarcerated in the Jess Dunn Correctional Center, a facility administered by the Oklahoma Department of Corrections (ODOC), brings this pro se action pursuant to 42 U.S.C.1983 against ODOC Director Larry Fields. Mr. Daniel is a paraplegic who requires certain medical treatment during his incarceration. He asserts two claims: (1) that prison officials have violated his constitutional rights by refusing to provide him with an adequate number of catheters; and (2) that prison officials have violated his rights under the Equal Protection Clause of the Fourteenth Amendment by adopting a policy under which disabled inmates cannot accrue as many earned credits as inmates who are not disabled. In his equal protection claim, Mr. Daniel focuses on the provisions of the ODOC policy that allow inmates who perform various work assignments to accrue earned credits at a higher rate than non-working inmates. Because he is unable to perform these work assignments, Mr. Daniel alleges, the policy deprives him of a constitutional right to equal treatment. Mr. Daniel seeks an award of 382 earned credits, compensation for the additional catheters that he has purchased, and injunctive relief.
 
 
 3
 In response to Mr. Daniel's complaint, ODOC filed a report pursuant to Martinez v. Aaron, 570 F.2d 317, 318-20 (10th Cir.1978) (per curiam). The defendant Mr. Fields filed a motion requesting, alternatively, dismissal of the complaint pursuant to Fed.R.Civ.P. 12(b)(6) or summary judgment under Fed.R.Civ.P. 56. The district court granted Mr. Fields's motion for summary judgment on Mr. Daniel's claim for inadequate medical care. Rec. doc. 22, 24. The court further concluded that Mr. Daniel's equal protection claim was moot to the extent that it challenged that application of ODOC's earned credit policy after March 3, 1994. The court noted that ODOC had changed its policy as of that date so that disabled inmates could accrue earned credits at higher rates through means other that work assignments. Rec. doc. 22, at 7. The court also concluded that to the extent that Mr. Daniel sought reduction in the length of his sentence, the claim was not cognizable under section 1983 and should have been asserted in a habeas corpus action. Id. at 8. Accordingly, the district court dismissed the equal protection claim to the extent that it sought a reduction in Mr. Daniel's sentence and granted summary judgment as to the remainder of the claim.
 
 
 4
 We review the district court's grant of summary judgment de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). We also engage in de novo review of the district court's resolution of legal questions in ruling on motions to dismiss. See Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1990). We must construe the pleadings of pro se litigants liberally in their favor. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991).
 
 
 5
 We agree with the district court's rejection of Mr. Daniel's claim that prison officials' failure to provide a sufficient number of catheters deprived him of his constitutional rights. The Eighth Amendment protects prisoners from "deliberate indifference to serious medical needs.' " Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). However, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.' " Id. (quoting Wilson v. Suiter, 111 S.Ct. 2321 (1991)). In certain instances, deliberate indifference may be shown by proving that there are such gross deficiencies in staffing, facilities, procedures or equipment that an inmate is "effectively denied access to adequate medical care." Garcia v. Salt Lake County, 768 F.2d 303, 308 (10th Cir.1985); see also Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir.1980), cert. denied, 456 U.S. 1041 (1981). However, complaints that medical personnel are negligent in diagnosis or treatment or that a prisoner disagrees with the judgment of a physician are insufficient to establish Eighth Amendment claims. Estelle, 429 U.S. at 104-06; Olson, 9 F.3d at 1477. Similarly, delays in medical treatment constitute Eighth Amendment violations only if a prisoner can establish that officials have been deliberately indifferent and have thereby caused substantial harm. Olson, 9 F.3d at 1477.
 
 
 6
 In this case, Mr. Daniel's claim of constitutionally inadequate medical treatment is based on the fact that the catheters provided to him by ODOC contained instructions stating that they should be discarded after use. In spite of these instructions, Mr. Daniel states, ODOC officials did not provide him with new catheters each time he used one. In response, ODOC and the defendant Mr. Fields produced evidence indicating that prison officials provided Mr. Daniel with seven catheters each week. Mr. Fields also offered an affidavit from a staff physician stating that the catheters given to Mr. Daniel may be used from one to four weeks if they are cared for properly. Additionally, records submitted by ODOC in the Martinez report demonstrate that Mr. Daniel received instructions on the care and cleaning of catheters, that prison officials regularly monitored for urinary tract infections, and that he had access to medical care. See Rec. doc. 13, Ex. I-K. In response to the motion for summary judgment, Mr. Daniel did not deny that prison medical staff gave him advice and instructions on the proper care and use of catheters. In light of the evidence produced by ODOC and Mr. Fields, we conclude that the district court properly granted summary judgment on Mr. Daniels' Eighth Amendment claim for constitutionally inadequate medical care.
 
 
 7
 With regard to Mr. Daniels' equal protection claim, we conclude that dismissal is warranted. As noted above, the only relief that Mr. Daniel seeks under his equal protection claim is the award of 382 days of earned credit on his sentence, the amount that "he would have received had he not been denied equal protection of the law." Rec. doc. 2 at 5. He therefore seeks the reduction of his sentence through the prosecution of a section 1983 claim.
 
 
 8
 In Heck v. Humphrey, 114 S.Ct. 2364 (1994), the Supreme Court held that when a judgment in favor of the plaintiff in a section 1983 suit "would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 114 S.Ct. at 2372; see also Preiser v. Rodriguez, 411 U.S. 475 (1973). In light of Heck and Preiser, the award of additional earned time credits to a prisoner must be sought in an action for habeas corpus rather than a section 1983 suit. Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir.1994); Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir.1994). Here, Mr. Daniel has not asserted a habeas corpus action, and further, the record does not indicate that he has exhausted his state remedies. Accordingly, the district court properly dismissed Mr. Daniel's equal protection claim. See Duncan, 15 F.3d at 991.[2]
 
 
 9
 We therefore AFFIRM the district court's grant of summary judgment to the defendant Mr. Fields on Mr. Daniel's Eighth Amendment claim. We also AFFIRM the district court's dismissal of Mr. Daniel's equal protection claim.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)
 
 
 [2]
 In his Complaint, Mr. Daniel stated that, in addition to 42 U.S.C.1983, he asserted jurisdiction under the "Federal Disability Act." Rec. doc. 2, at 2. On appeal, Mr. Daniel argues the ODOC's earned credits policy violates the "American Disability Act." See Appellant's Brief at 1. We construe Mr. Daniel's statements as a referring to the Americans with Disabilities Act (ADA), 42 U.S.C. 12101-12213. We do not believe that Mr. Daniel's conclusory references are sufficient to state a claim under the ADA. Additionally, in this instance, even if Mr. Daniel had properly asserted an ADA claim, Heck 's reasoning would preclude a reduction in his sentence through an ADA claim not asserted in a habeas action