UNITED STATES COURT OF APPEALS
**Filed 9/19/96TENTH CIRCUIT**

SAMMY ATKINSON,

      Plaintiff-Appellant,

v.

KENNETH HOLLOWAY, WALTER
SIMCO, MARK PURSLEY, DAVID C.
MILLER AND DOLORES RAMSEY,

      Defendants-Appellees.

Case No. 96-6117

(D.C. CIV-95-330-T)
(Western District of Oklahoma)

---

## ORDER AND JUDGMENT[*]

---

Before BRORBY, EBEL, and HENRY, Circuit Judges.

---

Pro se appellant Sammy Atkinson, an inmate in the custody of the Oklahoma

Department of Corrections, appeals the grant of summary judgment for the defendants in

his 42 U.S.C. § 1983 action. He alleges that his due process rights were violated because

a disciplinary hearing officer relied on constitutionally inadequate evidence to find him

guilty of escape. Because the evidence used at the hearing, as we shall discuss below,

---

[*]     This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

met the constitutional standard of "some evidence," <u>Superintendent, Mass. Correctional Inst. v. Hill</u>, 472 U.S. 445, 455 (1985), and further because Mr. Atkinson was present at the hearing but did not refute the evidence, we affirm the grant of summary judgment for the defendants.[1]

Mr. Atkinson was placed on the Preparole Conditional Supervision Program on November 2, 1993 and was notified of the rules of the program. One of the rules provides:

> I understand that if I cannot be located for a 24 hour period or fail to report to a Department of Corrections' [sic] facility or probation and parole office, I will be considered escaped.

Rec. vol. I, doc. 13, Attachment C at 1; <u>id.</u>, Attachment D at 5. On November 17, 1993, Mr. Atkinson checked out of the half-way house at which he was lodged; his itinerary indicated that he would return by 7:30 that evening. When he neither returned to the half-way house nor contacted his parole officer by 5:00 p.m. on November 19, the parole officer wrote an offense report charging Mr. Atkinson with escape. A disciplinary hearing was held, which Mr. Atkinson attended. The hearing officer found Mr. Atkinson guilty of escape, citing as evidence "[t]he Offense Report's description of the incident [and] Mr. Atkinson's fail[ure] to submit evidence or testimony to refute the charges." <u>Id.</u>, Attachment G at 1.

---

[1] After examining the briefs and appellate record, this panel has determined that oral argument would not materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

As a preliminary matter, we note that the magistrate judge recommended that Mr. Atkinson's claim be construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 because the resolution of his request for reinstatement of 677 earned credits "would be tantamount to a decision on [his] entitlement to a speedier release." Rec. vol. I, doc. 17, at 3 (quoting Duncan v. Gunter, 15 F.3d 989, 991 (10th Cir. 1994)); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). However, the district court declined to adopt the magistrate's reasoning. We note that Mr. Atkinson states in his "Objection to Report and Recommendation" that the good time credits he lost were subsequently restored, and the government has not rebutted this claim. Therefore, because Mr. Atkinson is not "challeng[ing] the fact or duration of his confinement [or] seek[ing] immediate or speedier release," Heck v. Humphrey, 114 S. Ct. 2364, 2369 (1994), the district court was correct in treating the action as a claim for relief under 42 U.S.C. § 1983.

Our review of the district court's grant of summary judgment to the appellees is governed by the following well-established standard:

> We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. When applying this standard, we examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.

Wolf v. Prudential Ins. Co., 50 F.3d 793, 796 (10th Cir. 1995) (citations and quotations

omitted), quoted in Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996).

In Hill, the Supreme Court noted that "[t]he requirements of due process are flexible and depend on a balancing of the interests affected by the relevant government action." 472 U.S. at 454. Accordingly, the Court held that a prison disciplinary proceeding may not be second guessed by a reviewing court if the decision was supported by "some evidence." Id. at 455. The Court reasoned that, because "[p]rison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances," and because "[r]evocation of good time credits is not comparable to a criminal conviction, . . . [no] standard greater than some evidence applies in this context." Id. at 456 (emphasis added) (citations omitted).

Mr. Atkinson concedes that this is the proper standard, but argues that the hearing officer relied "solely" on the offense report and that such reliance fails to meet even the minimal standard of "some evidence." Aplt's Br. at 3. While it is true that the record contains nothing to refute Mr. Atkinson's contention that the hearing officer considered no other evidence, Mr. Atkinson admitted in his complaint that "other physical evidence [was] introduced," including the relevant pre-parole rules, Mr. Atkinson's itinerary and chronological records, and the last weekly report, see Rec. vol. I, doc. 2, at 2, 3. Because "the relevant question is whether there is any evidence in the record that could support the conclusion reached by [the hearing officer]," Hill, 472 U.S. at 455-56, and not on what

4

evidence the officer actually based his finding, Mr. Atkinson's claim that the additional evidence was "not considered" is immaterial to our inquiry.[2] We therefore must decide whether there is a genuine issue as to whether the submitted evidence, including the offense report, formed a sufficient evidentiary basis for the finding of guilt, employing the highly deferential standard of review required by Hill. The offense report provides a brief but detailed description of the incident, and Mr. Atkinson presented no evidence to rebut that account of the facts. This clearly constitutes "some evidence" under Hill, and Mr. Atkinson has failed to raise a genuine issue that can defeat summary judgment based on this conclusion.

Mr. Atkinson further argues that the defendants did not follow Department of Corrections disciplinary procedures, which require that a finding of guilt on a Disciplinary Hearing Action form must "mention what evidence the reporting officer relied on." See Rec. vol. I, doc. 13, Attachment H at 10 ("Policy and Operations Manual, Disciplinary Procedures," OP-060125, § IV.F.2). Here, the Disciplinary Hearing Action form, in the space provided for "Evidence relied upon for Finding of Guilt," cites "[t]he Offense Report's description of the incident [and that] Mr. Atkinson's [sic] failed to submit evidence or testimony to refute the charges." Rec. vol. I, doc. 13, Attachment G at 1. This clearly satisfies the requirements of the cited departmental procedure, and no

---

[2]We are unconvinced by Mr. Atkinson's attempt to characterize the phrasing of his complaint as something other than an admission that these pieces of evidence were introduced as evidence at the disciplinary hearing.

5

genuine issue has been raised to challenge this conclusion.

Accordingly, the district court's order denying Mr. Atkinson's "Motion to Grant Relief" and granting the appellees' motion for summary judgment on Mr. Atkinson's § 1983 claim is AFFIRMED.

The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge