FILED
United States Court of Appeals
Tenth Circuit

May 28, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENNTH CIRCUIT

GUIDO JOHN ALVILLAR,

Plaintiff - Appellant,

v.

UTAH STATE BOARD OF
PARDONS; CURTIS L. GARNER,
Chairman of the Utah State Board of
Pardons; JESSE GALLEGOS, Utah
Board of Pardons member; CLARK A.
HARMS, Utah Board of Pardons
member; KEITH N. HAMILTON,
Utah Board of Pardons member;
ROBERT S. YEATES, Utah Board of
Pardons member; UTAH
DEPARTMENT OF CORRECTIONS;
CHRISTOPHER KISHIYAMA,
employee of Utah Department of
Corrections; MARC A. NOWAK,
employee of Utah Department of
Corrections; STEVEN TURLEY,
Warden, Utah State Prison; MIKE R.
SIBBET, Utah Board of Pardons
member; CHERYL HANSEN,
Chairman of the Utah State Board of
Pardons; DONALD E. BLANCHARD,
Utah Board of Pardons member;
GARCIA G. KURUMADA, employee
for indigent parolees; RUSSELL
SAINSBURY, employee of
Department of Corrections,

Defendants - Appellees.

No. 09-4223

(D. Utah)

(D.C. No. 2:09-CV-00659-CW)

## ORDER AND JUDGMENT*

Before **HARTZ**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Guido John Alvillar, an inmate in Utah State Prison proceeding pro se and *in forma pauperis*, filed in the United States District Court for the District of Utah this civil rights action under 42 U.S.C. § 1983. He attacks the fairness of his 2002 and 2009 parole-revocation proceedings on the grounds (1) that on both occasions he was improperly denied probable-cause hearings and his parole-revocation hearings were not held within a reasonable time, (2) that his appointed counsel ineffectively represented him during both hearings, and (3) that in 2002 the parole board relied on inaccurate information in denying him parole. He named as defendants the Utah Department of Corrections (UDOC), Utah Board of Pardons (Board), Board members, UDOC employees, and his counsel for the Board proceedings. He seeks damages and immediate release from confinement.

The district court dismissed the complaint under 28 U.S.C.

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 1915(e)(2)(B)(ii) for failure to state a claim. It ruled that all claims related to the 2002 revocation proceedings were barred by the Utah four-year limitations period applicable to § 1983 claims. *See Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). As for the 2009 claims, it dismissed the claims against the Utah Department of Corrections and its employees on the ground that Mr. Alvillar had not established the required "affirmative link" between their actions and his alleged constitutional deprivations, R. at 79 (internal quotation marks omitted); held that Mr. Alvillar's claims against the UDOC and against the Board and its members in their official capacities were barred by the Eleventh Amendment; and ruled that the Board members enjoyed common-law absolute immunity from suit in their individual capacities.

"We review de novo the district court's decision to dismiss an [*in forma pauperis*] complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). We may affirm the district court's decision on any ground supported by the record. *See Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Because Mr. Alvillar is acting pro se, we construe his pleadings liberally. *See Kay*, 500 F.3d at 1218.

Relying on *Heck v. Humphrey*, 512 U.S. 477 (1994), Mr. Alvillar argues on appeal that the district court erred in holding that his 2002 claims were time-barred because his claim could not accrue "until [his] parole revocation [is] overturned or [he] is released." Aplt. Br. at 6. He is partially correct, but his

claim nonetheless fails. In *Heck* a state prisoner brought a § 1983 action for damages, alleging that state officials had unconstitutionally caused his conviction. *See* 512 U.S. at 479. The Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U. S. C. § 2254.

*Id.* at 486–87 (footnote omitted). The Court stated that under its analysis, a "statute of limitations poses no difficulty while . . . challenges [to the conviction] are being pursued, since the § 1983 claim has not yet arisen." *Id.* at 489. It explained that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Id.* at 489–90. *Heck* has been applied to parole-revocation proceedings. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005); *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

Thus, Mr. Alvillar is correct that his 2002 claims are not time-barred to the extent that he seeks damages for conduct that would render his parole revocation unconstitutional. But by the same token he cannot pursue such claims until that revocation has been set aside, which has not occurred. His appellate brief contends that he can bring such claims once he is released from prison; but *Heck*

-4-

unambiguously requires that the conviction or sentence be invalidated, not just be served. *See* 512 U.S. at 490 n.10.

Mr. Alvillar's only other contention on appeal is that Eleventh Amendment immunity is not available for a knowing and intentional violation of constitutional rights. The authorities he cites do not support his contention, and we are aware of no authoritative support. Courts regularly recognize Eleventh Amendment immunity for intentional conduct. *See, e.g.*, *Nielander v. Bd. of County Comm'rs of County of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009) (Eleventh Amendment immunity applies to shield state attorney from malicious-prosecution claim).

Accordingly, we AFFIRM the district court's dismissal of Mr. Alvillar's suit. We GRANT Mr. Alvillar's motion to proceed *in forma pauperis*, and we remind him of his continuing obligation to make partial payments until the entire fee has been paid in full.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge
