**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHARD FELMLEE,

      Plaintiff - Appellant,

v.

STATE OF OKLAHOMA
DEFENDANT'S; STATE OF
OKLAHOMA BUREAU OF
NARCOTICS AND DANGEROUS
DRUGS; DIRECTOR OF THE
ATTORNEY GENERAL'S OFFICE
STATE OF OKLAHOMA; OKLAHOMA
ATTORNEY GENERAL'S OFFICE;
DARREL WEAVER, OBNDD Director;
SANDRA LAVENUE, Attorney OBNDD;
JAN PRESLAR, Senior Drug Agent,
previously named as Melton Edminsten
Senior Drug Agent; TRACIE MCKEDY,
Registration Officer previously named as
Traacy McKedy Registration Officer,

      Defendants - Appellees.

No. 14-5142
(D.C. No. 4:13-CV-00803-CVE-TLW)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Richard Felmlee, an Oklahoma physician appearing pro se, filed a complaint alleging Defendants—numerous Oklahoma state agencies and officials—violated his federal and state rights when he was required to pay a fine as a condition to renew his state registration to prescribe controlled substances. The district court granted summary judgment in favor of Defendants on the federal claims. It dismissed without prejudice the state-law claims, declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367. It also denied Plaintiff's motion for reconsideration. Plaintiff appeals these rulings, as well as the denial of several motions. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

We briefly recite the facts, which are thoroughly described in the district court's order. Oklahoma law requires persons who dispense or prescribe controlled substances to be registered with the Oklahoma Bureau of Narcotics and Dangerous Drugs (OBN). *See* Okla. Stat. tit. 63, § 2-302. An OBN registrant must renew his or her registration annually. *See* Okla. Admin. Code § 475:10-1-9(b). Plaintiff did not renew his OBN registration when it expired on October 31, 2008. In September 2012, Plaintiff applied for a late renewal and submitted late fees. OBN sent Plaintiff a notice that it would hold an administrative hearing to give him an opportunity to show cause why his registration should be renewed. *See* Okla. Stat. tit. 63, § 2-303(A) (describing registration requirements), *id*. § 2-304 (authorizing OBN to deny, revoke or suspend registration); *id*. § 2-305(A) (requiring that show-cause order be issued before refusing to renew registration and that administrative hearing

2

be held within 30 days of service of the order). It is undisputed that Plaintiff attended the hearing and admitted he had prescribed controlled substances twice after his OBN registration expired. The hearing officer recommended Plaintiff's OBN registration be renewed on the condition that Plaintiff pay a $2,500 administrative penalty for writing a prescription after his OBN registration expired. The OBN Director adopted the recommendation. Plaintiff paid all the required fees and the penalty, and his OBN registration was renewed.

Plaintiff then filed suit against the State of Oklahoma, the OBN, the Director of the Oklahoma Attorney General's Office, the Oklahoma Attorney General's Office, OBN Director Darrel Weaver, Oklahoma Assistant Attorney General Janis Preslar, OBN Senior Drug Agent Melton Edminsten, OBN Deputy General Counsel Sandra LaVenue, and OBN Registration Officer Tracie McKedy. Because Plaintiff has been acting pro se throughout this litigation, we and the district court construe his pleadings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But we cannot read his mind or make legal arguments for him, *see Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005), and in this case we must struggle to make sense of his poorly framed allegations. It appears that Plaintiff's grievances are that his registration should have automatically been renewed once he paid his renewal and late fees, that he should not have been required to attend an administrative hearing, and that the hearing was conducted improperly. The district court reasonably construed the complaint as alleging that Defendants' conduct violated his procedural-due-process rights, the federal Controlled Substances

3

Act (CSA), the federal Administrative Procedures Act (APA), Oklahoma's Uniform Controlled Dangerous Substances Act, and Oklahoma's Model State Administrative Procedures Act.

The district court rejected the CSA and APA claims because these statutes do not govern the conduct of Defendants in granting or denying licenses under the state licensing statutes. *See* 23 U.S.C. §§ 823, 824 (vesting registration responsibilities under the CSA with the United States Attorney General); 5 U.S.C. § 551(a) (defining an "agency" under the APA as "each authority of the Government of the United States"). As for Plaintiff's due-process claims, the district court construed them as arising under 42 U.S.C. § 1983, and ruled that none of the Oklahoma state agencies and none of the individually named Defendants in their official capacities were "persons" subject to § 1983 liability. *See Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("Neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983."). On the merits of the due-process claims against the individual Defendants in their personal capacities, it ruled that Plaintiff had been provided due process because the undisputed evidence demonstrated that he had been given the requisite notice of the OBN administrative hearing and received a fair hearing before an unbiased tribunal, at which he was able to present evidence and present his arguments. *See LaChance v. Erickson*, 522 U.S. 262, 266 (1998) ("The core of due process is the right to notice and a meaningful opportunity to be heard."). The court then exercised its discretion under 28 U.S.C. § 1367(c)(3) to decline to take supplemental jurisdiction over Plaintiff's

4

state claims.  *See Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court . . . usually should[ ] decline to exercise jurisdiction over any remaining state claims.").

## II.

Plaintiff's opening brief is as difficult to decipher as his pleadings in district court.  As best we can determine, he is arguing that the district court erred by (1) denying his motions for default judgment, for a more definite statement, for leave to amend his complaint to add additional parties, and for more time to conduct additional discovery; (2) dismissing his due-process claims because he had insufficient notice of the OBN hearing and insufficient time to conduct discovery and review OBN's evidence; and (3) dismissing his claims at the summary-judgment stage because he wanted a jury trial.  His opening brief also includes allegations and arguments that we will not address because Plaintiff did not present them to the district court.[1]  *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").  We turn to the preserved arguments.

The district court did not err or abuse its discretion in denying Plaintiff's motions.  It correctly denied his motion for default judgment because the Defendants

---

[1] Plaintiff submitted a 67-page reply brief on May 26, 2014.  But it was due on April 20, 2014, and on May 6, 2014, we denied Plaintiff's May 4, 2014 motion to file an oversized reply brief.  He did not seek or obtain permission to file an out-of-time reply brief.  Because the May 26 reply was filed substantially out of time without permission and did not comply with the page and type-volume limits of Fed. R. App. P. 32(a)(7), the court will not accept it for filing.

did not, as Plaintiff mistakenly asserts, file an untimely answer. The Defendants first filed a motion to dismiss and were not required to file an answer to the complaint before the district court ruled on that motion. *See* Fed. R. Civ. P. 12(a)(4). The court properly denied Plaintiff's motion requesting the court to explain its orders and Defendants' motions because the orders and motions were clear and unambiguous. The court properly denied Plaintiff's motion to add new parties to his complaint because the proposed amendment would neither cure the fatal flaws in the original complaint nor add facts sufficient to state any claim for relief. *See Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009) ("the trial court may deny leave to amend where amendment would be futile" (internal quotation marks omitted)). And the court did not abuse its discretion in denying Plaintiff's motion to take additional discovery under Fed. R. Civ. P. 56(d) because he failed to identify any specific facts or issues for which he needed additional discovery or to explain how additional discovery would enable him to rebut Defendants' assertion that there were no genuine issues of material fact. *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015) (discussing required substance and specificity of Rule 56(d) affidavit seeking additional discovery).

On the merits, we review the district court's decision to grant summary judgment de novo, viewing the facts in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor. *See Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1215 (10th Cir. 2013). Our review of the record shows that the court correctly ruled that the undisputed facts entitled Defendants to judgment as a matter of law on

all the federal claims. *See* Fed. R. Civ. P. 56(a) (setting forth the legal standard for granting summary judgment). Plaintiff was afforded sufficient due process throughout the OBN registration renewal process and he has not alleged any cognizable CSA or APA claim against Defendants. He was therefore not entitled to a jury trial.

Given the dismissal of all federal claims, it was proper for the district court to decline to exercise jurisdiction over the state-law claims. *See Smith*, 149 F.3d at 1156. We also find no error in the court's order denying Plaintiff's Rule 59(e) motion for reconsideration.

We affirm the judgment for substantially the same reasons relied on by the district court in its well-reasoned Opinions and Orders of September 15 and November 3, 2014.

Entered for the Court

Harris L Hartz
Circuit Judge

7